# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.

**CARLOS MAZARIEGOS**

Case Number. 8:17-cr-94-T-17TGW
USM Number: 68583-018

Oliver Benton Curtis, III (Retained)

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Information. The defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Healthcare Fraud | In or around 2015 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

October 18, 2019

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

October 18, 2019

Carlos Mazariegos
8:17-cr-94-T-17TGW

# IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE (1) YEAR AND ONE (1) DAY** as to Count One of the Information. Defendant shall receive credit for time served as calculated by the Bureau of Prisons.

    The Court makes the following recommendations to the Bureau of Prisons:

- Designation at FCI Coleman Low Camp;

- The defendant shall receive a medical examination for previous deep vein thrombosis, high blood pressure, diet and such other appropriate conditions;

- The defendant shall be given an opportunity to engage in academic pursuits in the study of law;

- The defendant shall be allowed to pursue vocational training/education in the electrical trade, welding, HVAC and/or plumbing; and

- The defendant shall receive counseling for first time incarceration.

    The defendant is allowed to self-surrender at the institution designated by the Bureau of Prisons on **Tuesday, January 14, 2020** at noon. The defendant is directed to immediately proceed to the U.S. Marshals for processing and further instructions.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                 UNITED STATES MARSHAL

                                                By: _____
                                                                      Deputy U.S. Marshal

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Carlos Mazariegos
8:17-cr-94-T-17TGW

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS** as to Count One of the Information.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - The above condition is suspended based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Carlos Mazariegos
8:17-cr-94-T-17TGW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Carlos Mazariegos
8:17-cr-94-T-17TGW

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

- The defendant is prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without the approval of the probation officer.

- The defendant shall provide the probation officer access to any requested financial information.

- The defendant shall refrain from engaging in any employment related to the pharmaceutical industry.

- The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, the defendant must submit to random drug testing not to exceed 104 tests per year.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | N/A | Waived | $6,404,793.24 |

## SCHEDULE OF PAYMENTS

Special Assessment: Due immediately

Restitution: $5,340,064.24 to be paid to Tricare and $1,064,729.00 to be paid to Medicare. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. Restitution shall be paid jointly and severally with Benjamin Nundy in Case No. 8:17-cr-141-T-24TGW and Anthony Baldazzi in Case No. 8:16-cr-271-T-35AEP and Frank Vincent Monte and Kimberley Sue Anderson in Case No. 8:18-cr-142-T-35JSS. This obligation is to be paid immediately in full. The Court notes that the parties indicate full payment by this defendant has been paid.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

### JOINTLY AND SEVERALLY

Restitution shall be paid jointly and severally with Benjamin Nundy in Case No. 8:17-cr-141-T-24TGW and Anthony Baldazzi in Case No. 8:16-cr-271-T-35AEP and Frank Vincent Monte and Kimberley Sue Anderson in Case No. 8:18-cr-142-T-35JSS.

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture (see attached Dockets 26 and 27) issued on May 30, 2017, that are subject to forfeiture.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-94-T-17TGW

CARLOS MAZARIEGOS

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for a forfeiture money judgment against the defendant in the amount of $6,404,793.24.

Being fully advised of the relevant facts, the Court hereby finds that at least $6,404,793.24 in proceeds was obtained as a result of the conspiracy to commit healthcare fraud, to which the defendant pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held jointly and severally liable for the $6,404,793.24 forfeiture money

CASE NO. 8:17-CR-94-T-17TGW

judgment with co-conspirator Benjamin Nundy (*United States v.* Nundy, Case No. 8:17-cr-141-T-24TGW).

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 30th day of MAY, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:17-cr-94-T-17TGW

CARLOS MAZARIEGOS

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for a forfeiture money judgment against the defendant in the amount of $6,404,793.24.

Being fully advised of the relevant facts, the Court hereby finds that at least $6,404,793.24 in proceeds was obtained as a result of the conspiracy to commit healthcare fraud, to which the defendant pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held jointly and severally liable for the $6,404,793.24 forfeiture money

CASE NO. 8:17-CR-94-T-17TGW

judgment with co-conspirator Benjamin Nundy (*United States v.* Nundy, Case No. 8:17-cr-141-T-24TGW).

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 30th day of MAY, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

2